McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>APPROXIMATELY $42,811.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | 2:05-CV-1863 DFL/JFM<br><br>**JOINT STATUS (PRETRIAL SCHEDULING) CONFERENCE REPORT; JOINT REQUEST FOR STAY AND ORDER THEREON**<br>TIME:    N/A<br>DATE:    N/A<br>COURTROOM: N/A |

Pursuant to this Court's Order of September 16, 2005, the parties submit the following Joint Status (Pretrial Scheduling) Report:

**A.   THE NATURE OF THE CASE:**

Plaintiff seeks to forfeit the defendant property under 21 U.S.C. § 881(a)(6) on the theory that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance (marijuana) or represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1) et seq.

**B.   PROGRESS IN THE SERVICE OF PROCESS:**

Rebel Gurreri, Jesse Colt Gurerri, and Steven John Ogletree, potential owners of the defendant property, were personally

1

served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, and Court Notices on October 4, 2005.  Only Rebel Gurreri has filed a claim to the property.  Rebel Gurreri filed an Answer on November 23, 2005.

    **C.**    **POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

    **D.**    **ANY EXPECTED OR DESIRED AMENDMENT OF PLEADING:**

None.

    **E.**    **JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

    **F.**    **ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

The parties jointly request a stay of this matter.

1. Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) the parties seek a stay of discovery in this case.  The United States contends that the defendant currency, which was seized from claimant Rebel Guerreri, is the proceeds of drug trafficking activities.

2.  The Placer County District Attorney has filed criminal drug charges against Rebel Guerreri, (*People v. Rebel Guerreri*, No. 62-050298) and a motion to suppress evidence, including the defendant currency, is currently pending in state court.  If that motion is granted and all or some of the evidence is suppressed, the United States will have to reconsider whether to proceed with this forfeiture action.

3.  In addition, the United States intends to depose claimant Guerreri and to serve written discovery on her.   If

2

discovery proceeds while the criminal charges are pending, claimant would be placed in the difficult position of either invoking her Fifth Amendment right against self-incrimination and losing the ability to pursue her claim to the defendant currency, or waiving her Fifth Amendment right and submitting to a deposition and potentially incriminating herself in the pending criminal matter.  If she invokes her Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim she filed with this court.

4.   In addition, claimant intends to depose Placer County law enforcement officers who were involved in the investigation of Rebel Guerreri.  Allowing depositions of the law enforcement investigators involved in the criminal investigation and prosecution would adversely affect the ability of the Placer County law enforcement officials to properly prosecute their case.

5.   Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon claimant's ability to prove her claim that the defendant currency belongs to her, and that it came from a legitimate source.   For these reasons, the parties jointly request that this matter be stayed until the conclusion of the criminal case currently pending in state court.

**G.   ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING:**

   (1)  what changes, if any, should be made in the timing, form, or requirements for disclosure under Rule 26(a), including a

3

```
                statement as to when disclosures under Rule
                26(a)(1) were made or will be made;

                (2)  the subjects on which discovery may be
                needed, when discovery should be completed,
                and whether discovery should be conducted in
                phases or be limited to or focused upon
                particular issues;

                (3)  what changes, if any, should be made in
                the limitations on discovery imposed under
                the Civil Rules and what other limitations,
                if any, should be imposed;

                (4)  the timing of the disclosure of expert
                witnesses and information required by Rule
                26(a)(2);
```

As stated above, the parties jointly request a stay of this matter pending the outcome of the criminal case against claimant Guerri now pending in Placer County Superior Court.

**H.  FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRETRIAL AND TRIAL:**

Since the parties have requested a stay, the parties do not believe the case should be scheduled at this time.

**I.  APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

**J.  ESTIMATE OF TRIAL TIME:**

Not applicable.

**K.  MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

The parties request a stay pending the outcome of the state prosecution.

//

4

**L.  WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY:**

The parties are not aware of any related case.

**M.  WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

The parties do not believe a settlement conference is appropriate in this case.

**N.  ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.

Date: 11/29/05
McGREGOR SCOTT
United States Attorney


By  /s/ Kristin S. Door
KRISTIN S. DOOR
Assistant U.S. Attorney


Date: 11/29/05                /s/ David Weiner
DAVID WEINER
Attorney for claimant
Rebel Gurreri

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the related criminal case currently pending in state court is resolved.

IT IS SO ORDERED.

Dated: 12/6/2005              /s/ David F. Levi
DAVID F. LEVI
Chief Judge
United States District Court

5